CASE 115—ACTION UPON A CONTRACT—FEB. 13.

# Bardstown & Lexington Turnpike Co. v. Nelson County.

### APPEAL FROM NELSON CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS.      REVERSED.

COUNTIES—CONDEMNATION OF TURNPIKE ROAD—REMOVAL OF TOLL GATES PENDING PROCEEDING—CONTRACT TO PURCHASE AT PRICE FIXED IN CONDEMNATION PROCEEDING—RIGHT OF COUNTY TO DISMISS PROCEEDING—ABANDONMENT OF ROAD.

Held: 1. A county, pursuant to a vote of the people in favor of free turnpikes, instituted a proceeding to condemn a turnpike road, and the fiscal court of the county pending that proceeding made a written proposition to the turnpike road company to pay interest on the amount finally adjudged to the company in that proceeding from the date of the acceptance of the proposition, if the company would at once make its road free and collect no more toll. This proposition the company accepted, and agreed "to accept the amount finally adjudged to it, with six per cent. per annum thereon from this date," further requesting the county to take charge of the road at once, and supervise, manage, and control it. A copy of the order of the board of directors of the company to this effect being submitted to the county judge, he indorsed on it that it was accepted so far as it conformed to the order of the fiscal court, but that the request made by the company was refused. Held, that the acceptance by the turnpike company was substantially in the terms of the offer made by the fiscal court, the request made of the county being advisory merely, and a correct conclusion as to the duty imposed on the county by the proposition it made. Therefore there was a contract by the county to take the road at the value fixed in the pending proceeding, and, as the county was authorized by statute to acquire any turnpike road "by gift, lease, purchase, or contract," that contract was binding.

2. The authority given to the county by statute to abandon such a condemnation proceeding at any time did not confer upon it the right to abandon the proceeding after it had contracted to take the road at the value which might be fixed upon it in that proceeding, and, the county having dismissed the proceeding,

the company may recover of the county the value of the road in an action instituted by it to recover interest under the contract.

3. The failure of the turnpike company to collect tolls and to keep the road in repair after its acceptance of the fiscal court's proposition was not an abandonment of the road by the company, under Kentucky Statutes, section 4732, providing that if a turnpike company fails, for a period of four months, to keep its road in repair, and to charge toll thereon, it shall be deemed to have abandoned its road.

GEO. S. & JOHN A. FULTON, FOR APPELLANTS.

On January 13, 1898, Nelson county, by order of the fiscal court, instituted proceedings to condemn the thirteen miles of turnpike lying in said county as provided in act of Kentucky Legislature of March 17, 1896, the county having previously voted in favor of free turnpikes; commissioners were appointed and made and returned majority and minority reports of valuation. A few days thereafter the county, through its fiscal court, entered upon its order book a written proposal to appellant company that if it would withdraw its gates and throw open its road free for travel to the public the county would pay interest at the rate of six per centum per annum, dating from the removal of its gates, on the amount finally adjudged to be the value of its road in the proceedings then pending in the Nelson County Court to condemn same. Appellant company accepted said proposal in writing, withdrew its gates and threw open its road to the public, and the county has enjoyed the free use of said road to this time. After much delay, exceptions having been filed by both parties to the reports filed by the commissioners, the county and fiscal courts, on their own motion, caused an order to be made in the Nelson County Court over the protest and objection of the appellant company, dismissing the proceeding to condemn, without prejudice, and has never since received it. After this, the appellant went before the said fiscal court and moved the court to allow it the amount awarded by the commissioners and also moved, in the alternative, for an allowance of the interest thereon for one year, but the court declined to allow either the principal or interest, or any part of either; thereupon this action was brought by appellant in the Nelson Circuit Court against Nelson county asking that the county be compelled to carry out its contract made with appellant.

A demurrer was filed to the petition by the company and sustained by the court, but no intimation given by the court as to the defects in the petition. The petition filed by appellant set out all the facts above recited, and we submit that, under the facts alleged therein, the plaintiff is entitled to the relief prayed for.

M. H. THATCHER, ATTORNEY FOR APPELLANT.

It seems to us that the only question to be considered by this court is whether a contract was made between the parties, appellant and appellee.

1. There was an offer to contract on the part of the fiscal agent of the county, duly authorized to make it. The appellant, another party, competent to contract, formally accepted the proposition tendered, which was duly ratified and approved by the first party. The consideration was a valid one and it seems to us that we have all the necessary elements of a contract—competent parties, agreement, valid consideration, and lawful subject-matter.

2 That there has been no final adjudgment of the value of the turn-pike property is the fault of the appellee, and it is axiomatic that one can not take advantage of his own wrong. The county has got what it contracted for—the free use of appellant's property—on its own terms and now refuses to pay either the principal or interest of the price agreed on.

3. Where one accepts the benefits of legal proceedings he can not dispute the validity of such proceedings.

CITATIONS.

Pool v. Breese, 114 Ill., 594; Test v. Larsh, 76 Ind., 452; Moore v. Roberts, 64 Wis., 644; Dreyfus v. Adams, 48 Cal., 131; Long v. Fox., 100 Ill., 43; McQueen v. Gamble, 33 Mich., 344; Thurlough v. Kendall, 62 Me., 166; Callaway v. Johnson, 51 Mo., 33; Edwards' Appeal, 105 Pa., 103.

T. L. EDELEN, ATTORNEY FOR APPELLANT.

It seems quite clear to the writer of this brief that a recovery against Nelson county could be had by the turnpike company upon either one of two theories: First, that the actual contract between the parties contained an implied covenant on the part of the county to prosecute to a judgment the condemnatory proceedings; or, second, that the county, having converted the property of the appellant company, is liable for its actual value, and it is estopped to deny that the actual cash value is that found by the commissioners.

Bardstown & Lexington Turnpike Co. v. Nelson County.

While the act of 1896, concerning free turnpikes, grants to the county the right to dismiss, at any time without prejudice, its condemnatory proceedings, this provision is obviously intended to regulate the right of the county, in the absence of any express or implied contract to the contrary. But where the county bound itself by a contract, as in this case, to pay the amount which may be found to be due in the condemnatory proceedings, and under that consideration has acquired possession of the property, it seems quite clear that the county has either waived its right, or, what is the same thing, has estopped itself to assert it.

The county has had the use of appellant's property for one year, without compensation; and if appellant is not entitled to recover the contract price, it is certainly entitled to recover upon a *quantum meruit*, and for this reason, if for no other, the demurrer to appellant's petition should have been overruled.

NAT. W. HALSTEAD, ATTORNEY FOR APPELLEE.   (MORGAN YEW-ELL, E. W. HINES AND W. S. PRYOR, OF COUNSEL.)

1. "An offer of a bargain by one person to another imposes no obligation upon the former until it is accepted by the latter according to the terms in which the offer was made. Any qualification of, or departure from, those terms invalidates the offer, unless the same be agreed to by the person who made it."

2. Commissioners appointed to make valuations in condemnatory proceedings are *quasi* jurors, and should not be interested.

3. The judgment of a judge or finding of a juror in his own case is void.

4. Special rights and privileges being conferred by law upon a turnpike corporation in consideration that it would render certain public service by the operation and maintenance of its pike, upon its failure and refusal to perform this public service forfeit all right to the privileges granted.

### AUTHORITIES CITED.

3 Metcalfe, p. 80; 1 Parson on Contracts, p. 399; 4 Wheaton, p. 225; 9 Howard, p. 390; Chitty on Contracts, pp. 10-11; Ky. Stats., sec. 4732; Free Turnpike Law of Ky., sec. 12, acts 1896, p. 44; 100 Ky., p. 173; 10 Rep., p. 765; Lewis on Eminent Domain, p. 518; Ency. Plead. and Prac., vol. 7, p. 552; Ibid., 516; 6 Am. & Eng. Ency., p. 544; Ibid., 559-560; Elliott's Roads and Streets, p. 217; Cook on Stockholders, sec. 11; Ency. Plead. and Prac., vol. 7, p. 559; Ibid., p. 559; Randolph on Eminent Domain, sec. 320; 3 Metcalfe, p. 71; Elliott's Roads and Streets, pp. 59, 61, 62 and 63; 10 Bush, p. 532; Ky. Stats., sec. 4732; Thompson on Corporations, last of section 5939; Ibid., 5939.

OPINION OF THE COURT BY CHIEF JUSTICE PAYNTER—REVERSING.

In obedience to a popular demand for free turnpikes and gravel roads, the General Assembly passed an act, approved March 17, 1896, empowering county courts to acquire and maintain free turnpikes and gravel roads. The act provides that the question should first be submitted to the electors of the county to ascertain their will with reference to the acquisition and maintenance of free turnpikes. At an election duly held for that purpose in Nelson county a majority of the qualified electors voting at the election voted in favor of the proposition, and the result of which election was duly certified. When a majority of the electors express their will, in the manner provided by the act, in favor of the proposition for free turnpikes (section 5), the fiscal court of a county "may acquire, by gift, lease, purchase or contract, any or all of the turnpike roads, or parts of such as lie within the county, on the best terms consistent with public interest, in the discretion of said court." When the fiscal court of the county is unable to contract with the owners of a turnpike or gravel road for its purchase, it is made its duty to institute proceedings in the county court with the view of condemning such turnpike or road. This duty is imposed by section 12 of the act, which reads as follows: "At any time after a majority of the votes cast at an election held for that purpose in any county, have voted for free turnpikes and gravel roads, and the fiscal court of said county, being unable to enter into a contract with the owner or owners of any turnpike or gravel roads, or any part thereof, lying in said county, it shall be the duty of the fiscal court thereof to file in the county court clerk's office of said county a statement to the effect that it has been unable to enter into a contract to purchase said road, with the owner or owners

thereof, with a description of the turnpike road desired to be obtained, and thereupon, the county judge shall appoint three impartial housekeepers of the county, who are land-owners, one of whom may be recommended by the mana-gers of the road, whose duty it shall be to assess the value the owner or owners thereof may be entitled to receive for the said turnpike or gravel road so taken." When such a proceeding is instituted the county is authorized to abandon it, as appears from section 15 of the act, which reads as follows: "But the fiscal court of said county shall have the right to abandon the condemnation pro-ceedings at any time it may desire, but it must pay the cost of said proceedings."

The appellant owned a turnpike running from Bards-town, in Nelson county, to the city of Louisville in Jeffer-son county. About thirteen miles of this pike was situ-ated in Nelson county. Some time in January, 1898, pro-ceedings were instituted in the county court by the fis-cal court of the county to condemn that part of the turn-pike situated in Nelson county. It appears there was a pressing demand upon the county authorities that the turn-pike of the appellant should be immediately made free. The fiscal court in regular session made an order embody-ing a proposition for the immediate use of the turnpike by the public free of toll, and the terms upon which it desired to secure it. The order reads as follows: "It is ordered by the Fiscal Court of Nelson County that this county and court do hereby agree and bind itself to pay to the Bardstown & Louisville Turnpike Road Company . . . interest at the rate of six per cent. upon the amounts which may be finally adjudged to them in the condemna-tory proceedings now pending against them by this county in the Nelson County Court, but said interest to commence

from the time they signify their acceptance of this propo-
sition in writing to F. E. Daugherty, judge of Nelson Coun-
ty Court, and they make said roads free from the collec-
tion of toll, and collect no more toll upon said roads." The
board of directors and stockholders of the appellant held a
meeting, and passed a resolution of acceptance of the prop-
osition made by the Nelson County Fiscal Court, which is
in language as follows, to wit: "And on motion of James
S. Carpenter, at the request of the stockholders present,
in person and by proxy, holding 1,651 shares of stock in
this company, being a majority of all stock owned by
all the parties in this company, it is ordered by the board
that this company accept, and does hereby accept, the pro-
visions of said order above recited, and the company hereby
agrees and contracts with said Nelson county to accept the
amount finally adjudged to it, with six per cent. interest
per annum thereon from this date, as set forth in said or-
der. The road embraces thirteen miles in Nelson county;
gates having been thrown open in Nelson county on said
road, and that no tolls have been collected from the public
for travel thereon since the 28th day of January, 1898. And,
inasmuch as this agreement is had, the fiscal court is
hereby requested to take charge of said road at once, and
supervise, manage, and control it, and maintain the road
as it has been and should be maintained, it being impos-
sible for the company to do so under this agreement. It
is hereby declared that the road is in god condition, and
it is important that the same should be taken into the
care and custody of the county under this agreement. It
is ordered that a copy of this order, which is hereby de-
clared the company's acceptance of the provisions of said
court's order and contract and agreement thereunder with
said Fiscal Court of Nelson County, be duly certified by

the president of this company to F. E. Daugherty, judge of the Nelson County Court, under the seal of this company, and be by the president delivered forthwith in person into the hands of the judge of the Nelson County Court.' A copy of the order was delivered to F. E. Daugherty, judge of the Nelson County Court, upon which he made the following indorsement: "This proposition is accepted so far as it corresponds with the order of the fiscal court,—that is, agreeing to pay this Turnpike Road Company six per cent. interest on any amount finally adjudged it,—provided no tolls are collected by said company, but all other matters mentioned or requested of said Nelson county are declined. March 7th, 1898."

To fully understand the proposition, it is necessary to bear in mind that the county had voted in favor of free turnpikes, and that the county court was proceeding to acquire by condemnatory proceedings the appellant's turnpike, and open it as a free turnpike to the traveling public. It was in contemplation of the parties that the county was to pay the amount which the final judgment fixed in the proceeding as a proper amount as compensation to the owners for it, but, not desiring to await the final judgment in the case before the pike should be made free to the public, the proposition was made to pay for making the pike free between the acceptance of the proposition and the final judgment in the proceeding in the county court. We can not suppose that the fiscal court intended to do the absurd thing of acquiring the use of the turnpike for the traveling public only for the time pending the proceeding in the county court to condemn it. It would be equally as absurd to suppose that the county court would be condemning it with no purpose of paying the owners the amount fixed in the proceeding as a proper compensation

for it. No reasonable man can suppose that the turn-
pike company would remove its tollgates and throw the
pike open to the traveling public for the brief period that
the proceeding was to pend in the county court, unless
the parties had in contemplation that the county was to
take the turnpike at the price adjudged in the county court
proceeding. The fiscal court had the right to acquire the
turnpike road by contract.· It was not necessary to insti-
tute the proceeding if it could make a contract for the pur-
chase of the property at a price which it deemed reason-
able. In fact, the act only provides for proceedings to con-
demn when the fiscal court is unable to agree with the
owners for the purchase of the road. So, under section 5
of the act, it is perfectly clear that the county court had
the right to acquire the turnpike by gift, lease, or purchase,
and therefore it follows that the contract which it made
with the appellees is binding and enforceable.

The judgment below appealed from was on demurrer
to the petition. It is averred in the petition that the offer,
which we have stated, was made and accepted as hereto-
fore stated; that the company removed its tollgates, and
turned the road over to the county; that the public has
been using it, free of toll, since the acceptance. The com-
missioners appointed by the county court fixed the compen-
sation for the road at something over $18,000, and, as the
fiscal court dismissed its proceeding in the county court,
it is claimed that the appellant is entitled to recover in-
terest on the amount fixed by the commissioners. The
question here involved is, does the petition state a cause
of action? and in determining which we will not discuss
the defense interposed by the answer, because it can not
be considered in determining the sufficiency of the peti-
tion on demurrer.

It is insisted by counsel for appellee that the accept-ance of the proposition which the fiscal court made was on-ly a qualified one, and therefore it amounted to no accept-ance at all. It is unnecessary to enter into a discussion as to what would be the effect if the acceptance had not been full and complete of the proposition made, because we have reached the conclusion that it is a substantial ac-ceptance of the proposition which was made by the fiscal court to the appellant. The language of the resolution is that the company hereby accepts "the provisions of said order," and it is also added that it would accept "the amount finally adjudged to it, with six per cent. interest per annum." The language here used is nothing more than the proposition made by the fiscal court, except it states it in a different form. As we have said, it was in con-templation of the parties that the fiscal court was to take the turnpike road at the amount adjudged in the county court proceedings. The proposition was to pay six per cent. interest on the amount which might be "finally ad-judged to the turnpike company" from the acceptance of the proposition until that judgment was entered. The appellant interpreted the proposition of the fiscal court as we do, and said it would take the amount fixed by the county court, with interest. The acceptance did not im-port an intention to vary the proposition. The appellant in its acceptance proceeds to say that it was not collecting tolls upon the road, and could not do so under its agree-ment with the fiscal court. This is in response to the or-der of the county court which required the appellant to make the road free from the collection of toll, wherein it is said in the acceptance that the fiscal court was requested to take charge of the road at once, and supervise, man-age, control, and maintain it as it has been and should be

maintained, as purely advisory, and is a correct conclusion as to the duty imposed on the county by the proposition which it made.

It was not in the contemplation of the parties that the turnpike company was to retain the control and management of the turnpike road during the pendency of the proceeding, any more than it would have been expected to be after the final order was made. The implied obligation which the proposition of the fiscal court created was that it should have the same control and management of the road until the final order in the proceeding in the county court as it was to have thereafter. The question then arises, what relief is the appellant entitled to under the agreement which is made with the fiscal court? It was not bound to institute proceedings to condemn its road, neither does the act authorize it to do so. The power to condemn rested with the fiscal court. By dismissing the proceeding it violated its agreement to have the final order made fixing the amount of compensation which the appellant was to accept in payment of its road. We are of the opinion that the obligation of its contract required it to prosecute the proceeding which was then pending to a final determination, because it had contracted to do so. The provision of the statute which authorized it to dismiss a proceeding was never intended to shield a county from liability on a contract which it was authorized to make and did make under section 5 of the act. It could not dismiss it, and thus relieve itself from the obligation which was imposed by its contract.

As the value of the appellant's property was not fixed by the judgment of the court, and the action of the appellee prevented that order from being made, we are of the opinion that the appellant is entitled to recover the

reasonable value of its turnpike road of the date of its acceptance of the fiscal court's proposition.   To hold other-wise, it seems to us, would be in plain disregard of the rules that should control the action of individuals in their business and fiscal courts in public affairs.   When parties have agreed upon a method of fixing the amount of a li-ability on a contract, and one of them violates the agree-ment by putting it out of the power of the other to have the amount ascertained in the manner agreed upon, then a court of competent jurisdiction is authorized to ascer-tain and adjudge the amount; otherwise, there would be a wrong without a remedy.

It appears that after the appellant accepted the prop-osition it did not assume any control of the pike or collect tolls thereon.   Section 4732, Kentucky Statutes, provides that if a turnpike company fails, for a period of four months, to keep its road in a condition safe for public travel, and to charge toll thereon for the same length of time, it shall be deemed to have abandoned its road, and it is made the duty of the fiscal court of the county to take charge and control the same.   It is earnestly urged that as the appellant failed to control the road after the accept-ance of the fiscal court's proposition, and collect toll there-on, there was an abandonment of its road, and therefore it has no claim against the county for compensation.   From the averments of this petition, the appellant acted in the utmost good faith in surrendering the road to the fiscal court of Nelson county, and in not collecting toll since that time, relying, of course, upon the promise of the coun-ty that it would compensate it for the use and value of the road according to the agreement.   If the appellee can de-feat a recovery upon the grounds suggested, it would have been as well for the appellant to have surrendered its

Bardstown & Lexington Turnpike Co. v. Nelson County.

road to the traveling public on the demand of tollgate raiders, as the effect would have been exactly the same,— no compensation in either case. We can not agree with counsel for appellee that such is the proper effect to be given to this transaction. The judgment is reversed for proceedings consistent with this opinion.